UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TONYA MARIE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-00505-BLW-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

On January 26, 2023, Magistrate Judge Deborah K. Grasham issued a Report and Recommendation, recommending that Petitioner Tonya Marie Davis's Petition for Review filed pursuant to 42 U.S.C. § 405(g), 1383(c)(3) be dismissed and that this Court enter an order affirming the decision of the Commissioner. Davis filed objections to the Magistrate Judge's report. For the reasons explained below, the Court will overrule the Objections, adopt the Report and Recommendation in its entirety, and affirm the Commissioner's decision.

# BACKGROUND

On June 3, 2019, Davis protectively filed an application for Title II Disability Insurance Benefits for a period of disability beginning June 1, 2014, due to post-traumatic stress disorder (PTSD), panic attacks, a cyst on the spine, anxiety, fibromyalgia, migraines, gastroesophageal reflux disease (GERD), a hernia, and diverticulitis. (AR 145-46, 154). On January 5, 2021, a hearing was held before Administrative Law Judge ("ALJ") Stephen Marchioro, where testimony was obtained from Davis and impartial vocational expert, Elizabeth Cunningham. (AR 86-116). On January 21, 2021, ALJ Marchioro sent an interrogatory request to impartial medical expert Nitin Paul Dhiman, M.D. (AR 1579-80). A response was received on January 23, 2021, (AR 1590-94), and the request and Dr. Dhiman's medical opinion were proffered to Davis and her counsel on February 1, 2021, (AR 348-50). On February 5, 2021, Davis's counsel submitted a written response to Dr. Dhiman's medical opinion. (AR 351-52).

On April 27, 2021, ALJ Marchioro issued a decision finding Davis was not disabled. (AR 21-36). Davis requested review by the Social Security Appeals Counsel, which denied her request for review on October 15, 2021, making the ALJ's decision the final decision of the Commissioner. (AR 1-5).

Davis then filed a petition in this Court. She argues that due to Dr. Dhiman's failure to list her right knee osteoarthritis as a severe impairment, and the ALJ's

failure to acknowledge this omission, the ALJ's evaluation of Dr. Dhiman's opinion is not supported by substantial evidence. Davis further argues that because of Dr. Dhiman's omission, the ALJ had a duty to further develop the medical record.

In January 2023, Magistrate Judge Grasham issued her Report, recommending that the Court affirm the Commissioner's decision. Davis objects to that Report.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). In this case, Petitioner filed objections and the Court has conducted a de novo review of those portions of the Report as well as the record in this matter.

## ANALYSIS

Davis raises two objections to the Report and Recommendation, contending that this Court should decline to adopt the Magistrate Judge's conclusions that (1)

"the ALJ properly assessed Dr. Dihman's opinion by addressing supportability and consistency," and (2) "Dr. Dihman's opinion sufficiently addressed [Davis's] weight-bearing joint issue." *See* Dkt. 23 at 1 and 2. The Court has reviewed the Report de novo in light of these objections. Likewise, the Court has conducted a de novo review of the administrative record, the ALJ's decision, and the complete record in this case.

1. **Supportability and Consistency**

Davis objects to the Magistrate Judge's conclusion that the ALJ appropriately discussed supportability and consistency for Dr. Dihman's opinion as required under 20 C.F.R. § 404.1520c(b)(2) with respect to Dr. Dhiman's "waist to chest" reaching limitation, and that therefore the ALJ's findings were supported by substantial evidence. Specifically, Davis argues that the ALJ failed to discuss both favorable and unfavorable evidence and instead "cherry-picked" one or the other. The Court disagrees.

First, the Court finds that the ALJ explained the opinion's supportability very clearly. Supportability considers the objective medical evidence that the medical source considers and the medical source's explanation for limitations in an opinion. 20 C.F.R. § 404.1520c(c)(1). Concerning Dr. Dihman's limiting Davis to only occasional reaching from waist to chest, as the Magistrate Judge noted, the ALJ correctly observed that the limitation was "not explained in any way." (AR

33). In imposing this limitation, Dr. Dhiman provided little explanation and few citations to support this assessment. Dr. Dhiman cited to a single medical note to show that Davis had cervical degenerative disc disease (AR 455), but other than noting that the "EMG confirmed radiculopathy at C7," this note offered little objective evidence that could support the "waist to chest" limitation Dr. Dhiman later assessed. Moreover, subsequent electromyography showed that Davis's radiculopathy was only mild. (AR 25, 525). The Magistrate Judge carefully considered the ALJ's opinion regarding supportability and concluded that "more than a scintilla of evidence" supported the ALJ's finding of no limitation. This Court agrees with this conclusion.

As the Report correctly found, the ALJ also accurately assessed the consistency factor, which looks to whether an opinion is consistent with the medical and other record evidence. 20 C.F.R. § 404.1520c(c)(2). With respect to this factor, as the Report discussed, the ALJ cited examples in the record showing normal strength and motion in Davis's arms. (AR 550–51, 578, 596). The ALJ further noted elsewhere in his decision (AR 31), that these records also show that Davis had normal finger-to-nose coordination, intact light touch sensation, and normal deep tendon reflexes in her arms (AR 550–51). As the Report properly concluded, these normal objective findings were inconsistent with Dr. Dhiman's

MEMORANDUM DECISION AND ORDER - 5

limitation on reaching, and substantial evidence therefore supported the ALJ's finding that this limitation was not persuasive.

The Court will overrule the objections with regard to supportability and consistency factors.

### 2. Weight-Bearing Joint Issue

Davis also objects to the Report's finding that Dr. Dhiman's opinion sufficiently addressed her weight-bearing joint issue. Davis argues that the ALJ should have instead done more to fully and fairly develop the record and to ensure that all her interests were considered. An ALJ's duty to further develop the record arises "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)).

Here, the Report found that "it was not error for the ALJ to refrain from identifying Dr. Dhiman's [failure to list the right knee osteoarthritis as a severe impairment] as an ambiguity that required further development of the record, particularly where the ALJ thoroughly addressed Plaintiff's right knee osteoarthritis elsewhere in the decision, (AR 30-31 (citing AR 550-51, 578, 592, 1206, 1362, 1406, 1415-16)), and 'correctly' identified it as a severe impairment at Step Two." *Report & Recommendation*, p. 22, Dkt. 15. As the Magistrate Judge

observed in her Report, "the ALJ is not obligated to discuss every piece of evidence as he interprets and develops the records," or every word of the medical opinion; instead, the ALJ is only obligated to "discuss significant and probative evidence that is contrary to the ALJ's findings and explain why it has been rejected." *Id.* (citing *Edwin C. v. Kijakazi*, No. 5:20-cv-2478-MAR, 2021 WL 7286046, at * 6 (C.D. Cal. Nov. 19, 2021) (citing *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)).

    The Report further explained that any ambiguity in Dr. Dhiman's opinion was easily resolved when considered as a whole. Dr. Dhiman may not have explicitly identified the right knee osteoarthritis as an impairment in response to Interrogatory No. 6, but he did discuss the weight-bearing joint issue throughout his opinion and found that Davis's right knee osteoarthritis did not meet Listing 1.02 or 1.04. It is also clear from Dr. Dhiman's opinion that he considered this impairment in assessing Davis's functional limitations when he indicated that Davis "could 'occasionally' climb ramps/stairs, stoop, kneel, crouch, and crawl, and could 'never' climb ladders/ropes/scaffolds. *Report & Recommendation*, p. 15, Dkt. 22 (citing AR 1594)). Based on this, the Report concluded that Davis failed to show that "the record was ambiguous or inadequate to allow for proper evaluation of the evidence such that the ALJ was required to further develop the record." *Id.* at 14-15.

MEMORANDUM DECISION AND ORDER - 7

Davis argues that it is not a reasonable inference to conclude that Dr. Dhiman sufficiently considered osteoarthritis of the right knee because he found that none of Davis's impairments met Listing 1.02. The Court is not persuaded, however. Given that Dr. Dhiman expressly considered whether Davis's "OA" (osteoarthritis) of her joints (weight-bearing") rendered her disabled and that Dr. Dhiman described imitations in his assessment of Davis's residual functional capacity that are unlikely to be attributable to any other impairments he listed, the most legitimate and reasonable inference is that Dr. Dhiman did sufficiently consider the joint-bearing issue when assessing whether Davis was disabled. Therefore, the Court will overrule Davis's objections regarding whether Dr. Dhiman sufficiently considered Davis's right knee osteoarthritis and whether further development of the record was necessary.

## ORDER

IT IS ORDERED that:

1. Petitioner's Objections to the Report and Recommendation (Dkt. 23) are **OVERRULED**.

2. The Report and Recommendation (Dkt. 22) is **ADOPTED** in its entirety.

3. The Commissioner's decision is **AFFIRMED**.

4. The Court will enter a separate judgment in favor of the Commissioner in accordance with Federal Rule of Civil Procedure 58.

DATED: March 30, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9